OPINION
Defendant-appellant, Jamie Lee Naegele, appeals his classification as a sexual predator pursuant to R.C. 2950.09-(C). On April 22, 1992, appellant was convicted of one count of rape and one count of kidnapping a nineteen-year-old woman and sentenced accordingly. While serving his prison sentence, appellant was recommended by the Department of Rehabilitation and Correction for classification as a sexual predator under R.C.2950.09(C)(1). On March 26, 1997, the trial court conducted a classification hearing pursuant to R.C. 2950.09(B) and determined that appellant was a sexual predator. Appellant raises three assignments of error on appeal.
Assignment of Error No. 1:
 THE COURT ERRED TO THE PREJUDICE OF DEFENDANT BY FINDING THAT HE IS A "SEXUAL PREDATOR".
Appellant argues that R.C. 2950.09 as applied violates both the United States and Ohio Constitutions as an ex post facto retroactive law. In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, we addressed a similar assignment of error. This court held that R.C. 2950.09 was constitutional and that the sexual predator law is not punitive and therefore did not violate the Ex Post Facto Clause. Id. at 22. Furthermore, the various provisions in the law were remedial, not substantive, and therefore did not violate the Ohio constitutional prohibition against retroactive legislation. Id. at 26. Accordingly, on the authority of Lyttle, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 DETERMINATION THAT THE DEFENDANT IS A SEXUAL PREDATOR IS AGAINST THE EVIDENCE PRESENTED AND THE TRIAL COURT THEREFORE ABUSED ITS DISCRETION.
Appellant argues that the trial court erred in finding him to be a sexual predator because there was no new evidence presented which would tend to indicate that he is likely to commit another sexually violent crime. Appellant's sexual predator determination was made pursuant to R.C. 2950.09(C), which outlines classification procedures for offenders who were convicted and sentenced prior to the effective date of the statute and still imprisoned in a state correctional institution when the statute became effective. R.C. 2950.09(C) provides that after reviewing all of the factors as set forth in R.C. 2950.09(B),[1] the court shall determine by clear and convincing evidence whether the offender is a sexual predator.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." See R.C. 2950.01(E). Sexual predator determinations must be supported by clear and convincing evidence. Id. Clear and convincing evidence has been defined as:
 [T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof.
Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In the instant case, the record reflects that at the hearing on appellant's sexual predator status the trial court considered the pre-sentence report and the oral statements made by counsel. The prosecutor specifically brought to the court's attention several factors set forth in R.C. 2950.09(B), including appellant's sexual motivation, appellant's age at the time of the offense, appellant's history of violent offenses, the nature of the offense, the cruelty of the offense, and the impact on the victim.
Based upon the record of the hearing, we find that the trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence. See State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported.
Appellant further argues that "other than a history of committing more than one sexually violent crime the court can only speculate based on nothing more than the facts of the one time conviction." However, the United States Supreme Court has held that "[p]revious instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks (1997), ___ U.S. ___, 117 S.Ct. 2072, 2080. Furthermore, this court has previously recognized that predictions of future misconduct are "performed countless times each day throughout the American system of criminal justice." State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported, citing Jurek v. Texas (1976), 428 U.S. 262, 274-75, 96 S.Ct. 2950, 2957-58.
Accordingly, the trial court did not err in making a prediction based on the evidence presented that appellant was likely to commit future sexually violent crimes and determining that appellant is a sexual predator. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE DEFENDANT WAS TWICE PUT IN JEOPARDY FOR THE SAME OFFENSE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through theFourteenth Amendment, and the Double Jeopardy Clause of Section10, Article I, of the Ohio Constitution have two basic functions. First, the Double Jeopardy Clause protects every person from being prosecuted for an offense after having been acquitted, convicted, or punished for that offense. Second, the Double Jeopardy Clause prohibits the judicial system from seeking or imposing more than one punishment for the same offense. State v. Nagel (Sept. 12, 1997), Lucas App. No. L-95-382, unreported (citations omitted). However, only criminal punishment subjects the defendant to jeopardy within the constitutional meaning. Breed v. Jones (1975), 421 U.S. 519, 528, 95 S.Ct. 1779, 1785.
This court's decision in State v. Lyttle, Butler App. No. CA97-03-060, unreported, that the sexual predator law is not punishment removes an essential prerequisite for a double jeopardy claim. In Kansas v. Hendricks, ___ U.S. ___,117 S.Ct. 2072, the Supreme Court found that the state's statute providing for confinement of sexual predators in state institutions does not impose punishment and therefore does not violate the Double Jeopardy Clause of the Constitution. Id. at ___,117 S.Ct. at 2085. Consequently, pursuant to our finding that R.C. Chapter 2950 is not punishment, imposition of the law cannot violate the Double Jeopardy Clauses of the Ohio or United States Constitutions. Appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2950.09(B)(1)(a-j) factors are: the offender's age; prior criminal record; the age of the victim; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim; participation in available programs for sex offenders; any mental illness or disability of the offender; the nature of the offender's conduct; whether the offender displayed cruelty while committing the offense; and any additional behavioral characteristics that contribute to the offender's conduct.